UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY

IN RE:

| | |
|---|---|
| GC LONDON KY INC. | CASE NO. 15-60463 |
| GC SOMERSET KY INC. | CASE NO. 15-60466 |
| | (LONDON DIVISION) |
| | |
| GC GEORGETOWN KY INC. | CASE NO. 15-50707 |
| GC NICHOLASVILLE KY INC. | CASE NO. 15-50708 |
| GC LEXINGTON KY INC. | CASE NO. 15-50709 |
| GC EGG HARBOR NJ INC. | CASE NO. 15-50710 |
| GC DELRAN NJ, LLC | CASE NO. 15-50711 |
| | (LEXINGTON DIVISION) |
| | |
| DEBTORS IN POSSESSION | CHAPTER 11 |
| | (JOINT APPLICATION PENDING) |

**DEBTORS' EXPEDITED MOTION FOR ORDER
APPROVING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Come GC London KY Inc., GC Somerset, KY Inc., GC Georgetown KY Inc., GC Nicholasville KY Inc., GC Lexington KY Inc., GC Egg Harbor NJ Inc., and GC Delran NJ LLC, as debtors and debtors in possession (collectively, the "Debtors"), by counsel, and hereby move the Court for entry of an order pursuant to Fed. R. Bankr. P. 1015(b) authorizing the joint administration of the Debtors' Chapter 11 cases. In support of this Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1. On April 10, 2015 (the "Petition Date"), the Debtors filed voluntary petitions for relief with this Court under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101,

*et seq*. (the "Bankruptcy Code"). The Debtors are operating their businesses as debtors and debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2.  This Court has jurisdiction over these Chapter 11 cases under 28 U.S.C. §§ 157 and 1334. These matters constitutes core proceedings under 28 U.S.C. § 157(b)(2)(A).

3.  Five of the seven affiliated Debtors maintain a principal place of business in the Kentucky counties of Laurel, Somerset, Fayette, Jessamine and Scott Counties. Hence, venue is appropriate in this District for those entities. Two of the Debtors maintain a principal place of business in New Jersey and venue is appropriate in this District for those Debtors as there are pending bankruptcy cases of those Debtors' affiliates in this District. Accordingly, venue for the Debtors' Chapter 11 cases is proper in this District under 28 U.S.C. § 1408 and 1409.

4.  No trustee or examiner has been appointed in these Chapter 11 cases, and no creditors' committee or other official committee has been appointed.

## BACKGROUND

5.  The Debtors operate various Golden Corral franchises in Kentucky and New Jersey. GC London KY Inc., GC Lexington KY Inc., GC Georgetown KY Inc., and GC Nicholasville KY, Inc., Kentucky corporations, were established on March 8, 2012. The shareholders of these entities are Dexter Bartholomew (85%) and Frank Seddio (15%). GC Somerset KY Inc., a Kentucky corporation, was also established on March 8, 2012. The shareholders of this entity are Adeline Francois (80%), Dexter Bartholomew (10%), and Frank Seddio (10%). GC Egg Harbor NJ Inc., a New Jersey corporation, is owned by Dexter Bartholomew (85%) and Frank Seddio (15%). The members of GC Delran NJ LLC, a New Jersey limited liability company, are Dexter Bartholomew (95%) and Adeline Francois (5%).

6.      The Debtors began to experience financial difficulties in 2013 after entering into various oppressive merchant agreements with multiple merchant cash advance lenders. Under these predatory agreements, the Debtors would receive a loan or cash advance often styled as a "sale" but in reality a disguised loan transaction. In turn, the Debtors would repay the advance plus an additional sum (often referred to as the "purchase price" but in reality disguised interest on the amount advanced) from a percentage (typically 18-25%) of future credit card receivables. These transactions often referred to as "sales" were in reality disguised loans that required personal guarantees by the owners and were collateralized by UCC-1 filings in assets other than credit card receivables. This type of predatory lending has actually been the subject of a few high-profile class action lawsuits and settlements in California.

7.      Under the burden of these merchant agreements, which are designed to be paid off in a relatively short period of time, the Debtors cash flow was seriously impacted.  As a result, the Debtors became in arrears with several of their major creditors and an out-of-court restructuring is impractical. Consequently, the Debtors seek to reorganize their businesses under Chapter 11 of the Bankruptcy Code in order to restructure their debts, reorganize as a going concern, and maximize value for the benefit of the creditors of their Estates.

### RELIEF REQUESTED

8.      The Debtors respectfully request entry of an order authorizing the joint administration of their Chapter 11 cases pursuant to Fed. R. Bankr. P. 1015(b) for procedural purposes.  The Debtors believe that joint administration would allow the cases to proceed more efficiently.

9. This Court may order the joint administration of the estates of a debtor and an affiliate(s). *See*, Fed. R. Bankr. P. 1015(b). Rule 1015(b) of the Bankruptcy Rules provides, in relevant part, as follows:

> If…two or more petitions are pending in the same court by… a debtor and an affiliate, the court may order a joint administration of the estates.

10. The Debtors are affiliates as that term is defined in 11 U.S.C. § 101(2) and as used in Fed. R. Bankr. P. 1015(b).

11. Joint Administration of the Debtors' cases is appropriate because the Debtors intend to file with this Court numerous pleadings and applications. It is anticipated that a joint plan for reorganization will be proposed. The Debtors believe that many hearings and matters will affect each of the Debtors' cases equally, and joint administration will reduce the amount of duplicate pleadings and notices that will be filed and/or served. As such, the joint administration of these cases will promote the economical, efficient and convenient administration of the Debtors' Estates.

12. Creditors' rights will not be adversely affected by the joint administration of these cases. Joint administration will not affect any party's substantive rights. To the extent that proofs of claim are required to be filed, each creditor will be entitled to file a claim against the particular Estate which owes it money. Finally, supervision of the administrative aspects of the Chapter 11 cases by the Court and the Office of the United States Trustee will be simplified.

WHEREFORE, the Debtors respectfully request that the Court enter an order approving joint administration of these Chapter 11 cases and granting such other and further relief as the Court may deem proper.

## NOTICE

Notice is hereby given that the foregoing shall be brought on for hearing before the United States Bankruptcy Court for the Eastern District of Kentucky, 100 East Vine Street, Second Floor, Lexington, Kentucky, on Wednesday, April 15, 2015, at the hour of 9:00 a.m. (ET), or as soon thereafter as counsel may be heard.

Respectfully submitted,

DELCOTTO LAW GROUP PLLC

/s/ Jamie L. Harris, Esq.
KY Bar No. 91387
200 North Upper Street
Lexington, KY 40507
Telephone: (859) 231-5800
Facsimile: (859) 281-1179
jharris@dlgfirm.com
COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION
(UNDER PENDING APPLICATION)

## CERTIFICATE OF SERVICE

A consolidated certificate of service for the various first day pleadings will be filed by separate pleading.

/s/ Jamie L. Harris, Esq.
COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION
(UNDER PENDING APPLICATION)